IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kathy Reaves,<br>a/k/a Kathy Juanita Reaves,<br><br>        Plaintiff,<br><br>        vs.<br><br>Ellen Weaver; Kathryn "Katie" Crews;<br>SC State Board of Education; Cathy<br>Hazelwood; Rechel Anderson; Sam<br>Whack, Jr.; Terrell Wesley; South<br>Carolina Law Enforcement Division;<br>Charles Monty Coats; Thomas Scott<br>Wilkerson; South Carolina<br>Department of Public Safety;<br>South Carolina Highway Patrol;<br>Christopher Williamson;<br>Charles Michael Dickens; Charles<br>Lemon; Marlboro County Sheriff's<br>Office; Jerome Scott Kozacki;<br>R. Hayne Hodges, III; and David<br>Levert Kyler,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.: 4:25-cv-13955-JD-TER<br><br><br><br>MEMORANDUM ORDER AND<br>OPINION |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 11.) The Report recommends that Plaintiff Kathy Reaves be denied

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

leave to file this action, that this action be dismissed with prejudice, and that Plaintiff's motion for leave to proceed in forma pauperis be rendered moot because Plaintiff failed to comply with this Court's prefiling injunction. (Id.) Also before the Court are Plaintiff's Motion for Leave to File Out of Time, Rule 59(e) Reconsideration, and De Novo Review with Notice of Fraud on the Court (DE 14), and Plaintiff's Supplemental Objections to the Report and Recommendation and Request for De Novo Review (DE 15).

## I.    BACKGROUND

Plaintiff Kathy Reaves, proceeding pro se, filed this civil action against Ellen Weaver, Kathryn "Katie" Crews, the South Carolina State Board of Education, Cathy Hazelwood, Rechel Anderson, Sam Whack, Jr., Terrell Wesley, the South Carolina Law Enforcement Division ("SLED"), Charles Monty Coats, Thomas Scott Wilkerson, the South Carolina Department of Public Safety, the South Carolina Highway Patrol, Christopher Williamson, Charles Michael Dickens, Charles Lemon, the Marlboro County Sheriff's Office, Jerome Scott Kozacki, R. Hayne Hodges, III, and David Levert Kyler. (DE 1.)

Plaintiff's Complaint alleges that a Richmond County, Georgia, police report was improperly entered into SLED/CJIS or law-enforcement databases as a Georgia warrant; that Plaintiff was arrested in Marlboro County, South Carolina, on November 19, 2021; that Plaintiff was detained for approximately fourteen hours; that Defendants later used or attempted to use CE-0140412 to justify the arrest; and that these events harmed Plaintiff's teacher certification, employment, reputation,

and finances. (Id.) Plaintiff asserts claims including negligence, respondeat superior, § 1983 Fourth Amendment violations, civil conspiracy, intentional infliction of emotional distress, FCRA violations, Uniform Criminal Extradition Act violations, due process violations, and false arrest. (Id. at 6–7.)

On January 25, 2024, this Court entered a prefiling injunction against Plaintiff in Reaves v. Washington et al, No. 4:23-cv-03847-JD. The injunction requires Plaintiff to pay the filing fee in full or obtain counsel before filing new actions related to "any event regarding the Georgia warrant and the 2021 South Carolina arrest in Marlboro County and its effect on Plaintiff's credit report and employment." The injunction also requires Plaintiff to accompany any newly filed complaint within that subject matter with a motion for leave to file, a copy of the injunction order, a statement that the claims or relief sought are unrelated to the prohibited subject matter, a short and plain statement setting forth a valid basis for the claims or relief sought, and a statement identifying whether the claims or relief have been raised before and, if so, where and how they were resolved.

On December 31, 2025, the Magistrate Judge entered a proper-form order directing Plaintiff to comply with the prefiling injunction. (DE 7.) The order was mailed to Plaintiff at her address of record. (DE 8.) Plaintiff did not comply. (DE 9; DE 10.)

## II.     REPORT AND RECOMMENDATION

On January 28, 2026, the Magistrate Judge issued the Report recommending that Plaintiff be denied leave to file this action, that the action be dismissed with

prejudice, and that Plaintiff's motion for leave to proceed in forma pauperis be rendered moot. (DE 11.) The Report found that Plaintiff's Complaint is related to the Georgia warrant and the 2021 South Carolina arrest and its effects, and therefore falls within the prefiling injunction's parameters. (Id.) The Report also found that Plaintiff failed to provide the information required by the prefiling injunction. (Id. at 2.)

The Report advised Plaintiff of the deadline to file specific written objections and warned that failure to timely file specific objections could waive appellate review. (Id. at 3.) The Report was mailed to Plaintiff at her address of record. (DE 12.) No timely objections were filed. (DE 13.) Plaintiff later filed a motion for leave to file out of time, Rule 59(e) reconsideration, de novo review, and notice of fraud on the Court, followed by supplemental objections. (DE 14; DE 15.)

### III.    LEGAL STANDARD

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at

4

the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).

In the absence of specific objections, the Court need not conduct a de novo review and must only satisfy itself that there is no clear error on the face of the record before adopting the recommendation. Id.; see also Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

## IV.    DISCUSSION

Because Plaintiff proceeds pro se, her filings are liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Liberal construction, however, does not permit the Court to disregard a valid prefiling injunction, excuse noncompliance with Court orders, or rewrite Plaintiff's filings to avoid applicable filing restrictions. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990). After reviewing the Report, Plaintiff's late-filed objections and motions, the Complaint, and the record, the Court adopts the Report.

As an initial matter, Plaintiff did not timely object to the Report. The Report was entered on January 28, 2026, and Plaintiff's objections were due by February 11, 2026, plus any additional time allowed by the applicable rules. (DE 11.) The docket reflects no timely objections, and the case was marked ready for ruling on February 20, 2026. (DE 13.) Plaintiff did not file her motion for leave to file out of time until March 16, 2026, and did not file supplemental objections until March 17, 2026. (DE 14; DE 15.) Plaintiff has not shown excusable neglect or good cause for the untimely

5

filings. Nevertheless, even considering Plaintiff's late filings, the objections do not provide a basis to reject the Report.

The dispositive issue is Plaintiff's failure to comply with the prefiling injunction. The injunction applies to new actions related to the Georgia warrant, the 2021 South Carolina arrest in Marlboro County, and alleged effects on Plaintiff's credit report and employment. This case falls within that subject matter. Plaintiff's Complaint alleges that a Georgia police report or warrant-related record was entered into SLED/CJIS or law-enforcement databases; that Plaintiff was arrested on November 19, 2021, in Marlboro County; that she was detained for approximately fourteen hours; that Defendants later relied on CE-0140412; and that these events caused employment, teacher-certification, reputational, emotional, and financial harm. (DE 1.) Those allegations place this action squarely within the subject matter covered by the prefiling injunction.

Plaintiff did not comply with the injunction. The injunction required Plaintiff, before filing a covered action, to pay the filing fee in full or obtain counsel and to submit a motion for leave to file with specified supporting materials. Plaintiff did not do so. She also did not comply after the Magistrate Judge's December 31, 2025, proper-form order directed her to comply with the prefiling injunction. (DE 7.) Because Plaintiff filed a covered action without satisfying the prefiling injunction's requirements, leave to file this action is denied.

Plaintiff's objections do not identify any error in the Report's prefiling-injunction analysis. Plaintiff argues that prior related cases were dismissed without

prejudice, that dismissal with prejudice is a harsh sanction, that she should receive de novo review, that she did not consent to final disposition by the Magistrate Judge, and that the Magistrate Judge's impartiality may reasonably be questioned. (DE 15.) These objections do not cure Plaintiff's failure to comply with the pre-filing injunction. Nor do prior dismissals without prejudice authorize Plaintiff to file a new covered action in violation of a later-entered pre-filing injunction. This case is not being dismissed as a Rule 41(b) sanction for ordinary failure to prosecute; it is being dismissed because Plaintiff filed a covered action without complying with the Court's pre-filing injunction after being ordered to do so.

Plaintiff also reasserts arguments concerning the alleged Georgia warrant, CE-0140412, the 2021 arrest, SLED/CJIS records, FCRA, teacher certification, and alleged fraud on the Court. (DE 14.) Those arguments do not undermine the Report. The Report did not recommend dismissal because it found that the Georgia warrant was valid, that CE-0140412 was authentic, or that Plaintiff's arrest was lawful. The Report recommended denial of leave to file because Plaintiff's own Complaint concerns the Georgia warrant, the 2021 Marlboro County arrest, and alleged effects on Plaintiff's credit report and employment, and because Plaintiff did not comply with the prefiling injunction. Plaintiff's renewed warrant, FCRA, fraud, and arrest-related allegations reinforce the Report's conclusion that the action falls within the injunction.

Plaintiff's request for Rule 59(e) reconsideration is denied. Rule 59(e) applies after entry of judgment and permits alteration or amendment of a judgment in

limited circumstances. No judgment has been entered in this action. To the extent Plaintiff seeks reconsideration of prior interlocutory orders, she has not shown any basis for relief. Plaintiff's fraud-on-the-court allegations and renewed arguments concerning CE-0140412 and the 2021 arrest do not address the dispositive issue—noncompliance with the prefiling injunction.

Plaintiff's request for de novo review and objection to the Magistrate Judge's involvement are also overruled. The Magistrate Judge issued a report and recommendation under 28 U.S.C. § 636(b)(1), and this Court conducts the final review and enters the final order. Consent under 28 U.S.C. § 636(c) is not required for a magistrate judge to issue pretrial orders or a report and recommendation in a referred pro se case.

Plaintiff's request for reassignment or recusal is denied. Plaintiff relies on prior adverse rulings, prior case assignments, and disagreement with the Magistrate Judge's handling of related cases. These allegations do not establish an extrajudicial source of bias or any circumstance requiring recusal, reassignment, or departure from the ordinary referral procedures.

Finally, Plaintiff's motion for leave to proceed in forma pauperis is denied as moot. (DE 3.) The prefiling injunction required Plaintiff either to pay the filing fee in full or obtain counsel before filing a covered action. Because Plaintiff did not comply with the injunction and leave to file is denied, no pending motion provides a basis for this case to proceed.

Having conducted the required review, the Court finds no error in the Report's conclusion that this action falls within the prefiling injunction and that Plaintiff failed to comply with that injunction.

## V.    CONCLUSION

After a thorough review of the Report, Plaintiff's late-filed objections and motions, the Complaint, the record in this case, and the applicable law, the Court finds that Plaintiff's objections and motions are without merit and that the Magistrate Judge correctly recommended denial of leave to file and dismissal with prejudice.

Accordingly, the Court ADOPTS the Report and Recommendation (DE 11) and incorporates it by reference. Plaintiff's Motion for Leave to File Out of Time, Rule 59(e) Reconsideration, and De Novo Review with Notice of Fraud on the Court (DE 14) is DENIED. Plaintiff's Supplemental Objections (DE 15) are OVERRULED. Plaintiff is DENIED LEAVE TO FILE this action, and this action is DISMISSED WITH PREJUDICE. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (DE 3) is DENIED AS MOOT.

IT IS SO ORDERED.

Florence, South Carolina
June 8, 2026

Joseph Dawson, III
United States District Judge

NOTICE OF RIGHT TO APPEAL

9

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.